UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


**JAMES WASHINGTON, ET AL.**                                                                 **PLAINTIFFS**

VS.                              **CASE NO. 406CV0883 JMM**

**ROY G. BROOKS, SUPERINTENDENT
OF THE LITTLE ROCK SCHOOL
SYSTEM, ET AL.**                                                                                       **DEFENDANTS**

**ORDER**

Pending is defendant Roy G. Brooks' Motion to Dismiss plaintiffs' claims brought against Brooks in his individual capacity.  Plaintiffs have failed to respond to the motion.  For the reasons stated below, the motion is granted in part and denied in part.

Plaintiffs bring their complaint pursuant to the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) ("Title VII"), 42 U.S.C. §§ 1981 and 1983, and the Arkansas Teacher Fair Dismissal Act ("ATFDA").  The allegations against Brooks are that he (1) demoted plaintiff James Washington to the position of classroom teacher based upon his race and in retaliation for Washington's efforts as an Ombudsman; (3) recommended that the Board of Directors of the Little Rock School District demote plaintiffs Cassandra Norman and Angela Munns from their secondary school principal positions to teaching positions based upon their race; (3) denied Walker Hynes a promotion and pay increases, and subjected her to a hostile work environment based upon race and in retaliation for protected activities.

In deciding the Motion to Dismiss, the Court must accept all the allegations in the complaint as true and draw all reasonable inferences in favor of the nonmoving party.  *Young v.*

*City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). Complaints should be liberally construed in the plaintiffs' favor and " 'should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief.' " *Rucci v. City of Pacific*, 327 F.3d 651, 652 (8th Cir. 2003) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

Assuming as true all of plaintiffs' allegations against Brooks, plaintiffs have failed to state a Title VII claim against Brooks in his individual capacity because supervisors cannot be held liable under Title VII in their individual capacities. *See Lenhardt v. Basic Institute of Technology*, 55 F. 3d 377, 381 (8th Cir. 1995); *see also Morrow v. City of Jacksonville*, 941 F. Supp. 816, 819 (E.D. Ark. 1996).

Plaintiffs have also failed to state § 1981 claims against Brooks in his individual capacity because a federal action to enforce rights under § 1981 against a state actor may only be brought pursuant to § 1983. *See Artis v. Francis Howell North Bank Booster Ass'n Inc.,* 161 F.3d 1178, 1181 (8th Cir. 1998)(citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989) ( Section 1983 "provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor.").

Defendant cites *Springdale Educ. Ass'n v. Springdale School Dist.*, 133 F.3d 649 (8th Cir. 1998) for the proposition that the school board, and not the superintendent, has the ultimate responsibility for terminating the employment of a teacher or demoting a teacher resulting in there is no basis for individual liability for superintendents under the ATFDA. *See also Cochran v. Chidester School Dist. Of Quachita*, 456 F. Supp. 390 (D.C. Ark. 1978) (district court found under similar statutes that superintendent who was not responsible for school board's

actions could not be individually liable).    The Court agrees with defendant and finds that there is no individual liability for superintendents under ATFDA.

Plaintiffs have pled sufficient facts to state § 1983 claims against Brooks in his individual capacity because there is limited supervisory liability under § 1983. *See Springdale Educ. Ass'n v. Springdale School Dist.*, 133 F.3d at 653 ("a supervisor may be subject to individual liability under § 1983 'if he directly participates in a constitutional violation'.") (citation omitted); *Boyd v.* Knox, 47 F.3d 966 (8th Cir. 1995)(limited supervisory liability for Eighth Amendment violation when supervisor is personally involved).

Defendant's motion is denied in part and granted in part (#5).  The Title VII, § 1981, and ATFDA  claims against Brooks in his individual capacity are dismissed.  Plaintiffs may proceed with § 1983 claims against Brooks in his individual capacity.

IT IS SO ORDERED THIS   16   day of   November , 2006.


_____
James M. Moody
United States District Judge